UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAVON YOUNG,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------x

<u>DECISION AND ORDER</u>

15-CV-3941 (CS)
09-CR-274 (CS)

Seibel, J.

    Before the Court is Petitioner Davon Young's amended petition pursuant to 28 U.S.C. § 2255, (Doc. 174); the Government's opposition thereto, (Doc. 175); and Petitioner's reply (Doc. 176).[1]  Familiarity with prior proceedings is presumed.

    Petitioner argues that his conviction on Count 15, for being a felon in possession of a firearm under 18 U.S.C. § 922(g), is invalid and must be vacated, because it was neither charged nor proven that, at the time of his possession of the firearm, he knew he had been convicted of a crime punishable by more than a year in prison.[2]  The Government concedes that Petitioner's knowledge was not charged or proven at his trial, which occurred in 2011, well before the Supreme Court decided in *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019), that such

---

[1]All docket references are to No. 09-CR-274.

[2]Petitioner also pursues his claim that his convictions under 18 U.S.C. § 924(c) are invalid because the underlying offense of Hobbs Act robbery is a qualifying predicate only under the residual clause of that statute, which was found in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), to be unconstitutionally void for vagueness.  He acknowledges, however, that that claim is foreclosed by *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019), which found Hobbs Act robbery to qualify as a crime of violence under the elements clause, and makes the claim only to preserve it for further review.  (Doc. 174 at 5.)

knowledge was a required element of a § 922(g) conviction.  But it argues that Petitioner cannot raise his claim now.  I agree.

First, as Petitioner concedes, his claim comes too late under 28 U.S.C. § 2255(f).  But he argues that an amendment to add his *Rehaif* claim should relate back to his earlier amended petition, in which he challenged his convictions under 18 U.S.C. § 924(c) based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), and would therefore be timely.  He contends that relation back is appropriate because the proposed amendment based on *Rehaif* "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), in that his earlier amended petition (which is the original pleading for these purposes) raised a *Johnson* challenge to his § 924(c) convictions, one of which was based on his use of a gun in the January 14, 2008 murder of Tyrone Bergmann during a robbery, and the § 922(g) conviction attacked by the amendment proposed here arose out of the possession of the same gun on the same date.

Under *Mayle v. Felix*, 545 U.S. 644, 650 (2005), relation back is not appropriate where the new ground for relief is supported by facts that differ in both time and type from those underlying the old ground.[3]  That is the case here:  the new *Rehaif* claim relates to Petitioner's knowledge of his status as a felon for purposes of § 922(g), whereas the old *Johnson* claim relates to whether Hobbs Act robbery is a crime of violence that can support a § 924(c) conviction.  "An amendment does not relate back merely because the proposed claims concern the . . . same events presented [at trial] as existing claims."  *Ross v. Miller*, No. 14-CV-3098, 2016 WL 1376611, at *20 (S.D.N.Y. Apr. 7, 2016), *report and recommendation adopted*, 2018

---

[3]Despite Petitioner having cited *Mayle* in its opening brief, (Doc.174 at 5 n.4), the Government did not address it in its opposition, instead citing outdated, pre-*Mayle* authority, (Doc. 175 at 4).

WL 4091070 (S.D.N.Y. Aug. 28, 2018).  In other words, it is not enough that the § 922(g) offense and one of the § 924(c) offenses are based on the same conduct by Petitioner; there must be "a common core of operative facts uniting the original and newly asserted *claims*."  *Mayle*, 545 U.S. at 646 (emphasis added).  For the newer claim to relate back, it must arise out of the same occurrence set forth *in the original pleading*, Fed. R. Civ. P. 15(c)(1)(B) (emphasis added), not the same occurrence that led to the charges.

Here, one claim is based on a legal interpretation of § 924(c) and the other is based on Petitioner's state of mind, so they do not relate back.  *See United States v. Navarro*, No. 16-CR-89, 2020 WL 709329, at *2 (S.D. Tex. Feb. 11, 2020) (ineffective assistance of counsel and sentencing miscalculation claims "involve different factual and legal questions" than *Rehaif* claim, so no relation back and later claims are time-barred); *cf. Fleury v. United States*, No. 00-CR-76, 2019 WL 6124486, at *3 n.4 (S.D.N.Y. Nov. 19, 2019) (*Rehaif* issue had to be presented to Court of Appeals via successive petition because it did not arise out of or relate to original petition raising *Johnson* claim).

Second, even if the amendment related back and was therefore timely, the *Rehaif* claim is procedurally barred because it was not raised on direct appeal.  "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011).  "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.*  "A change in substantive law usually does not constitute 'cause' to overcome procedural default," *Graham v. United States*, No. 09-CV-5586, 2010 WL 2730649, at *2 (E.D.N.Y. July 8, 2010), nor does the fact that the claim was "unacceptable to that particular court at that particular time," *Bousley v. United States*, 523 U.S. 614, 623 (1998)

(internal quotation marks omitted).  But "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim . . . ."  *Reed v. Ross*, 468 U.S. 1, 16 (1984).

Petitioner has not shown cause for his failure to raise the *Rehaif* claim on direct appeal.  That doing so would have been futile at the time does not excuse the failure to preserve the issue.  *Bousley*, 523 US at 623; *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982).  Nor can that failure be excused on grounds of novelty.  *Waring v. United States*, No. 17-CR-50, 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020), *appeal dismissed*, No. 20-975, 2020 WL 3264061 (2d Cir. May 19, 2020).  To the contrary,

> [t]he issue decided in *Rehaif* was percolating in the courts for years, including at the time [of Petitioner's appeal].  *See, e.g.*, *United States v. Reap*, 391 F. App'x 99, 103-104 (2d Cir. 2010) (in challenge to validity of a plea, rejecting while affording plenary treatment to defendant's claim that he did not know his 922(g) felon status, including his assertion that "Supreme Court jurisprudence in analogous cases" required proof of such knowledge), *cert. denied*, 564 U.S. 1030 (2011); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) (rejecting defendant's argument that "district court erred in not instructing the jury that a defendant must know his status as a convicted felon to violate § 922(g)(1)"), *cert. denied*, 528 U.S. 1180 (2000); *see also Rehaif*, 139 S. Ct. at 2199 (observing that, even "[p]rior to 1986 . . . there was no definitive judicial consensus that knowledge of status was not needed").

*United States v. Bryant*, No. 11-CR-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (third alteration in original).  Thus, most courts have "deemed the knowledge-of-status issue to have been reasonably available prior to *Rehaif*, precluding defendants from showing good cause to overcome procedural default in the context of Section 2255 or similar motions."  *United States v. Simmons*, No. 08-CR-1280, 2020 WL 6381805, at *3 n.5 (S.D.N.Y. Oct. 29, 2020) (collecting cases).  I join them.  "Petitioner has demonstrated, at most, futility but he has failed to demonstrate that the claim was unavailable."  *Jones v. United States*, No. 16-CR-94, 2020 WL 7318140, at *6 (W.D.N.C. Dec. 11, 2020); *see Mouzon v. United States*, No. CR 116-048, 2020

WL 5790405, at *21 (S.D. Ga. Sept. 28, 2020) (no cause because nothing prevented Petitioner from raising *Rehaif* issue on direct appeal), *report and recommendation adopted*, 2020 WL 7066320 (S.D. Ga. Dec. 2, 2020); *Fleury*, 2019 WL 6124486, at *3 (*Rehaif* claim procedurally defaulted where Petitioner identified no cause preventing him from raising issue on direct appeal).

Accordingly, the motion to amend is denied and the new claim in the proposed amended petition is dismissed as untimely or, in the alternative, that claim is dismissed as procedurally defaulted.[4] As Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to: (1) docket this order in No. 09-CR-274 and No. 15-CV-3941; (2) terminate Docs. 147 and 174 in No. 09-CR-274; (3) terminate Docs. 23-26 and 28 in No. 15-CV-3941; and (4) close No. 15-CV-3941.

Dated: December 29, 2020
      White Plains, New York

*[signature: Cathy Seibel]*

CATHY SEIBEL, U.S.D.J.

---

[4] The *Johnson* claim is also dismissed as foreclosed by *Hill*. See note 2 above.