# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Appeals Bureau
Barry D. Leiwant
Attorney-in-Charge

August 9, 2023

**BY ECF**
Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> For the reasons stated by the Government in ECF No. 219, the motion to amend the petition is denied, and the "Amended Petition," (ECF No. 217), as Petitioner recognizes, (ECF No. 220), must be transferred to the Second Circuit pursuant to 28 U.S.C. 1631 as a second or successive petition. The Clerk of Court is respectfully directed to effectuate that transfer.
>
> SO ORDERED.
>
> /s/ Cathy Seibel    8/21/23
> CATHY SEIBEL, U.S.D.J.

Re:  *Davon Young v. United States*
     No. 09-cr-274 / 15-cv-3941

Dear Judge Seibel:

    I represent Davon Young, and I write to reply to the government's letter ("Gov't Ltr.") regarding the Amended Petition under 28 U.S.C. § 2255 ("Petition") Young has filed based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

    The government argues the Petition is procedurally improper because Young's initial § 2255 petition has been adjudicated and the judgment against him has not been "vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Gov't Ltr. at 3 (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), and citing *Negron v. United States*, 394 F. App'x 788, 793 (2d Cir. 2010) (noting this rule in a § 2255 case)). *See also Goldstein v. Hulihan*, 2012 WL 1438251, at *1 (S.D.N.Y. 2012) (Where a "judgment stands, Petitioner may not amend unless a motion to alter or vacate the judgment under Fed.R.Civ.P. 59(e) or 60(b) is first granted.") (Seibel, J.).

    As "Young's *Bruen* petition is not a valid amended petition," the government says, "it should be transferred to the Second Circuit as a successive petition under 28 U.S.C. § 2255(h)." Gov't Ltr. at 4. Young anticipated this Court's deeming his Petition successive, *see* Petition at 5 n.4, and he consents to the "transfer [of] the petition" to the Second Circuit. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

Respectfully submitted,

*s/ Matthew B. Larsen*
Assistant Federal Defender

cc:   AUSA Derek Wikstrom